**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| HOWARD DRAKE SHAFFER,<br><br>            Plaintiff,<br><br>       v.<br><br>STEVE YEATES et al.,<br><br>            Defendants. | Case No. 2:06-CV-1042 CW<br><br>District Judge Clark Waddoups<br>Magistrate Judge Samuel Alba<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, Howard Drake Shaffer, an inmate the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2008).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. 1915 (West 2008).  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan.*

*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges two causes of action. First, Plaintiff alleges denial of due process under the Fifth and Fourteenth Amendments stemming from the revocation of his parole. As support for this claim, Plaintiff states that his parole was revoked based only on "rumors," that no evidence was presented to support his parole revocation, and that he was denied a hearing before being returned to prison. Second, Plaintiff alleges cruel and unusual punishment under the Eighth Amendment on the grounds

that he was "defamed and slandered" during the parole revocation process. Plaintiff states that, as a result of defendants' actions, he was denied "the chance to successfully parole from the Utah State Prison" and the "freedom of being in a halfway house." (Compl. at 6.)

Plaintiff's Complaint names as defendants Steve Yeates and Janet Sorsen, correctional officers at the Northern Utah Community Correctional Center (a halfway house), and Cheryl Hansen, a member of the Utah Board of Pardons and Parole. Plaintiff seeks compensatory and punitive damages totaling $20,000.

### III. Sufficiency of Plaintiff's Complaint

#### A. Improper Defendants

To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must allege facts showing an "affirmative link" between the harm allegedly suffered and the actions of each named defendant. *See Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999). Moreover, liability for a civil rights violation cannot be based on *respondeat superior*; in other words, a defendant may not be held liable merely because of his or her supervisory position. *See West v. Atkins*, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12

(1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.  Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'").  Thus, administrative or supervisory officials cannot be named as defendants in a § 1983 action without specific allegations showing that they were personally and directly involved in violating the plaintiff's rights.

Plaintiff's Complaint does not allege specific facts linking each of the named defendants to a violation of Plaintiff's rights.  Even assuming that Plaintiff's parole revocation was somehow improper, Plaintiff's allegations do not show that any of the named defendants were materially involved in the revocation process.  In fact, two of the named Defendants, Sorsen and Hansen, are not even mentioned anywhere in the body of the Complaint.  The only allegations regarding the remaining defendant, Yeates, are that he "put [Plaintiff] in a secure cell" following Plaintiff's meeting with the facility treatment team, and that two days later Yeates "transported [Plaintiff] back to the Utah State Prison."  (Compl. at 5.)  There is no allegation that Yeates initiated or conducted the proceedings.  Thus, the Court finds that the Complaint fails to link any of the named defendants to a violation of Plaintiff's civil rights.

Plaintiff's claim against Cheryl Hansen, a member of the Board of Pardons and Parole, suffers from an additional defect. It is well-established that parole board members are absolutely immune "from damages liability for actions taken in performance of [their] official duties regarding the granting or denying of parole." *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir. 1992) (quoting *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir. 1988)). Although the Complaint does not clearly state what role Hansen played in Plaintiff's parole revocation, Hansen's involvement was undoubtedly official in nature. Thus, Hansen is absolutely immune from Plaintiff's claim for damages.

### B. Failure to State a Claim

#### i. *Heck* Doctrine

Even if Plaintiff could amend his Complaint to name specific individuals directly responsible for wrongfully revoking his parole, Plaintiff still could not state a viable claim for relief under 42 U.S.C. § 1983. In *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that a § 1983 suit cannot be used to undermine the validity of one's conviction or confinement. *Id.* at 480-82, 114 S. Ct. at 2369-70. ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the

literal terms of § 1983."). *Heck* also bars § 1983 claims for damages where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id. at 481-82, 114 S. Ct. at 2369*. Moreover, the Tenth Circuit has expressly extended the *Heck* doctrine to parole revocations. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation."); *Roberts v. O'Bannon*, No. 06-1244, 2006 WL 2879059, at *2 (10th Cir. Oct. 11, 2006). Thus, before bringing a § 1983 suit seeking damages for revocation of parole without due process, a plaintiff must prove that his parole revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck, 512 U.S. at 487, 114 S. Ct at 2373*.

   Plaintiff's present suit clearly seeks to undermine the validity of his current confinement, as prohibited under *Heck*. Plaintiff's Complaint implicitly seeks a determination that various aspects of his parole revocation process were unconstitutional. Such relief, however, would necessarily call into question the validity of Plaintiff's current confinement. Thus, because Plaintiff does not allege that his parole

revocation has already been invalidated by a competent state tribunal or a federal habeas corpus decision, as required by *Heck*, the Court concludes that Plaintiff's due process claims are not cognizable under § 1983 and must be dismissed.

### ii. Eighth Amendment

Plaintiff's allegations also fail to state a claim under the Eighth Amendment. Plaintiff's assertion that he was subjected to cruel and unusual punishment by virtue of being "defamed and slandered" is entirely without merit. There is no legal support whatsoever for Plaintiff's contention that defamation or slander might rise to the level of an Eighth Amendment violation. Thus, the Court finds Plaintiff's Eighth Amendment claim to be legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989) (A claim is legally frivolous if it is premised on an "indisputably meritless legal theory.")

### ORDER

Accordingly**, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

DATED this 7th day of November, 2008.

BY THE COURT:

*/s/ Clark Waddoups*
CLARK WADDOUPS
United States District Judge